IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clyde Harrison, | ) | Civil Action No. 2:16-2919-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Gregg Newman, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to compel production of documents subject to a subpoena. For the reasons set forth below, the Court grants the motion to compel.

I. **Background**

On May 17, 2014, Plaintiff was injured while on a boat owned and operated by Defendant. Plaintiff alleges the injury occurred when Defendant activated the electric windlass while Plaintiff was assisting with the anchor, causing a crush injury to Plaintiff's right ring finger. To treat the injury, Plaintiff received a tetanus shot and surgery to repair the finger. Plaintiff alleges that after the initial treatment, his health drastically declined and that he was diagnosed with transverse myelitis. Plaintiff's treating neurologist, Dr. Craig Woodard, determined that an adverse reaction to the tetanus shot was the cause of the transverse myelitis.

Plaintiff filed this action in admiralty on August 24, 2016. On May 3, 2017, Defendant moved for an independent medical examination under Rule 35 of the Federal Rules of Civil Procedure, to be conducted by Dr. Paul Pritchard at the Medical University of South Carolina ("MUSC"). The Court granted that motion (as to Dr. Pritchard) on May 19, 2017. Defendant produced Dr. Pritchard's report shortly after June 13, 2017. (Dkt. No. 56 at 2.) On August 7, 2017, Plaintiff subpoenaed "Dr. Pritchard's complete file." (*Id.*) Defendant objects the documents

sought are protected under Rule 26 of the Federal Rules of Civil Procedure, because Dr. Pritchard is a defense expert retained for trial preparation.

## II. **Legal Standard**

The work product doctrine protects from discovery any "documents and tangible things that are prepared in anticipation of litigation or for trial by or for [a] party or its representative (including the . . . party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The party claiming work product protection has the burden of establishing entitlement to the protection. *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988). For the work product doctrine to apply, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). The proponent of work product protection must establish that the "driving force behind the preparation of each requested document" is the prospect of litigation. *Id.*

Regarding experts employed only for trial preparation, Rule 26(b)(4)(D) provides, "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(3)(A). The rule provides two exceptions: "as provided in Rule 35(b)" and "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." (*Id.*) Under Rule 35, the party requesting the examination (here, the Defendant) must on request deliver "a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1).

### III. Discussion

Defendant's objection to the subpoena is without merit. The Rule 35(b) exception plainly applies to the Rule 26(b)(4)(D) trial preparation protection Defendant asserts. "'The plain language of Rule 35(b) does not limit disclosure to only final reports submitted by the examiners and makes no distinction between draft reports and final reports. Other courts have ordered disclosure of draft reports and other materials relied upon by Rule 35 examiners . . . .'" *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2015 WL 1414524, at *2 (D.S.C. Mar. 26, 2015). "[C]ourts have noted that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations. Plaintiffs receive a Rule 35 examination report *and then have the opportunity to depose the physician, cross-examine him or her, and introduce contrary expert evidence.*" *Feinman v. Cunningham*, No. CIV.A. DKC-08-3376, 2009 WL 2499717, at *2 (D. Md. Aug. 12, 2009) (quoting *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (emphasis added)). Effective exercise of those safeguards necessarily requires production of the Rule 35 examiner's examination notes, list of materials relied upon, prior testimony, time records related to the examination, *etc.* For that reason, moreover, Defendant waived work product protections under Rule 26(b)(3) with regard to Dr. Pritchard's opinions when Defendant successfully moved for a Rule 35 examination conducted by Dr. Pritchard.

Defendant has asked, "To the extent that the Court does not deny Plaintiff's Motion, Defendant prays that the Court (a) conduct an *in camera* review of the responsive documents." (Dkt. No. 58 at 7.) Rule 26(b)(3)(B) of the Federal Rules of Civil Procedure provides that "[i]f the court orders discovery of [trial preparation] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Defendant therefore may provide for *in camera* review those documents Defendant believes in good faith contain "the mental impressions, conclusions,

opinions, or legal theories" of Defendant's attorney within seven days of the date of this Order. Defendant should not provide for review materials that merely provide the conclusions or opinions of Dr. Pritchard.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to compel (Dkt. No. 56). The Court **ORDERS** Defendant to produce all materials responsive to Exhibit A of the subpoena (Dkt. No. 56-1 at 5), except for materials provided for *in camera* review in accordance with this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 26, 2017
Charleston, South Carolina